UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ALLSTATE INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS,<br>Defendant. | : : : : : : : : : : | No. 5:18-cv-00699 |

**O P I N I O N**
Plaintiff's Brief in Support of its Motion for Reconsideration or in the Alternative Motion
to Join and Consolidate, ECF No. 18-Denied

**Joseph F. Leeson, Jr.**                                                                                                  October 3, 2018
**United States District Judge**

      Plaintiff Allstate Insurance Company ("Allstate") has filed a Motion for Reconsideration or in the Alternative Motion to Join and Consolidate. Allstate seeks reconsideration of this Court's August 3, 2018 Opinion pursuant to Federal Rule of Civil Procedure 59(e), or, in the alternative, to join and consolidate its Eastern District of Pennsylvania claims pursuant to Federal Rules of Civil Procedure 18 and 42. For the reasons set forth below, the Court denies Allstate's motion for reconsideration. Allstate's first and second arguments are denied with prejudice. Allstate's third argument, that the Court should reconsider its dismissal of the claims that did not seek compensatory damages in excess of the amount in controversy requirement for diversity jurisdiction is denied without prejudice. The Court grants Allstate's motion to join and consolidate its Eastern District of Pennsylvania claims.

**I.        Factual Background and Procedural History**

      The Court previously outlined facts underlying this matter in its August 3, 2018 Opinion. Op., ECF No. 16. Accordingly, only a limited summary of the factual and procedural history of this case is set forth here.

      Allstate filed suit against Defendant Electrolux Home Products ("Electrolux"), alleging that Electrolux manufactured defective clothes dryers that—in eighty-six separate claims

occurring across twenty-one states—caught fire and caused losses to Allstate insureds. In response, Electrolux filed a motion to dismiss the entire action for lack of personal jurisdiction pursuant to Rule 12(b)(2) or, in the alternative, to sever the eighty-six separate claims in this action and, after severance, dismiss a number of those claims for failure to satisfy the amount in controversy required for diversity actions. Following briefing, the Court severed the claims, dismissed those claims with amounts in controversy less than the statutory minimum for federal diversity jurisdiction, and transferred those claims that did not originate from within the Eastern District of Pennsylvania.

Allstate now moves for reconsideration or, in the alternative, to join and consolidate. Recons. Mot., ECF No. 18. [1] Electrolux responded in opposition. Opp'n Recons. Mot., ECF No. 19.

## II.   Standards of Review

### A. Motion for Reconsideration

A motion for reconsideration is used to "correct manifest errors of law or fact or to present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*citing Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Because federal courts have a strong interest in the finality of judgments federal courts should

---

[1]   Allstate's brief in support of its Motion for Reconsideration or in the Alternative Motion to Join and Consolidate ("brief in support") is not organized in such a way that allows for clear identification of Allstate's arguments. Allstate originally identifies three questions for the Court's consideration. Then, in the discussion section of the brief in support, Allstate makes four arguments for the Court's consideration. These arguments are identified in the brief in support by the letters a-d.

Arguments "a" and "b" relate to Allstate's original question 1, arguing that the Court should reconsider its decision to sever the claims. Argument "c" relates to Allstate's original question 2, asking that the Court reconsider dismissing the severed claims where the damages alleged did not satisfy the amount in controversy required for diversity actions. Argument "d" relates to Allstate's question 3, arguing that, in the alternative to reconsideration, the Court join and consolidate Allstate's remaining Eastern District of Pennsylvania claims.

Allstate's questions 1 and 2 (requesting reconsideration) are referred to as its "motion for reconsideration." Allstate's question 3 (requesting the Court to join and consolidate the remaining Eastern District of Pennsylvania claims) is referred to as its "motion to join and consolidate."

grant motions for reconsideration sparingly. *Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (*citing Good Luck Nursing Home, Inc. v. Harris*, 204 U.S. App. D.C. 300, 636 F.2d 572, 577 (1980)).

A proper motion for reconsideration must rely on at least one of the following three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the underlying motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Cafe*, 176 F.3d at 677 (*citing N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not proper if it advances the same arguments found in a party's complaint and motions or it is used to change theories and try again. *See e.g.*, *Lazaridis*, 591 F.3d at 669 (affirming a district court's denial of a motion for reconsideration that advanced the same arguments found in the plaintiff's complaint and motions); *Prusky v. Prudential Ins. Co. of Am.*, 44 F. App'x 545, 548 n.1 (3d Cir. 2002) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. It is not to allow a party to simply change theories and try again, thus giving them a second bite at the apple.") (quotations omitted)).

### B. Motion to Join and Consolidate

Federal courts have broad discretion to consolidate actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Smithkine Beecham Corp. v. Geneva Pharm.*, 201 U.S. Dist. LEXIS 18434, at *18 (E.D. Pa. Sep. 28, 2001) (citations omitted). When considering consolidation, courts "must balance the benefits of judicial economy and expediting the litigation against the possibility of prejudice." *Kerley v. Great Lakes Dredge & Dock Co.*, 1996 U.S. Dist. LEXIS 2415, at *2 (E.D. Pa. Mar. 19, 1996).

### III. Analysis

#### A. Motion for Reconsideration

Allstate asserts that the Court should reconsider its previous Opinion and Order "[t]o correct a clear error of law or prevent manifest injustice." Br. in Supp. Recons. Mot. 9, ECF No. 18-1. Allstate makes three arguments for reconsideration, which the Court considers below.

First, with respect to Allstate's assertion that the Court's severance of the claims prejudices the parties and does not facilitate judicial and party economy, this argument is repetitive, is not new, and was previously rejected. Allstate advanced this argument previously in its brief in opposition to Electrolux's motion to sever, Br. in Supp. of Opp'n Mot. Dismiss 16-19, ECF No. 10-1, and the Court considered the effects of severance on the parties in its Opinion issued August 3, 2018, Op. 10-12, ECF No. 16. Further, Allstate acknowledges in its brief in support that severance of any claim is discretionary and cites the same case the Court identified in its Opinion, *Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352 (E.D. Pa. 2000). *See* Br. in Supp. Recons. Mot. 10, ECF No. 18-1. Without showing an error of law or fact or manifest injustice Allstate is simply advancing arguments previously made and considered. Advancing the same arguments found in Allstate's previous briefs or previously considered by this Court is not a proper basis for reconsideration. *See Lazaridis*, 591 F.3d at 669. The Court declines to reconsider this issue.

Second, Allstate makes a new assertion that the Court should transfer smaller consolidated actions to various federal courts for pretrial rulings and trial. Again, Allstate fails to show an error of law or fact or manifest injustice. Allstate is simply arguing new issues that were not previously presented to the Court in Allstate's brief in support of its opposition to Electrolux's motion to sever. Advancing a new theory based upon facts already known and existing law is not a proper basis for reconsideration but an attempt for a second bite of the apple. *See Prusky*, 44 F. App'x at 548 n.1. The Court declines to reconsider this issue.

Third, Allstate requests reconsideration of the dismissal of the sixty-four claims that did not seek compensatory damages in excess of the amount in controversy requirement for diversity jurisdiction because "the Court's Order did not address Allstate's claim for punitive damages in considering whether its claims satisfied the amount in controversy requirement." Br. in Supp. Recons. Mot. 13, ECF No. 18-1. Electrolux maintains that Allstate is precluded from asserting this argument now because Allstate failed to respond to this argument its brief in opposition to Electrolux's motion to sever when it was raised. While Allstate is certainly precluded from arguing new issues that it did not previously raise to the Court in its brief in opposition to Electrolux's motion to sever, Allstate is not precluded from arguing the need to correct a clear error of law. *See Diversified Indus.*, 884 F. Supp. at 943.

The Court now turns to whether there was a clear error of law. As the party invoking diversity jurisdiction, Allstate bears the burden to prove that the amount in controversy exceeds the amount in controversy requirement for diversity jurisdiction. 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs" and there is complete diversity between the parties.); *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014). Allstate bears this burden at all stages of the litigation. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). The Third Circuit Court of Appeals has described the burden as "not especially onerous." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). Further, the Supreme Court has explained that "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Once the presence of diversity jurisdiction is challenged, however, the complainant—here Allstate—has the burden of proving that subject matter diversity exists. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *see also Auto-Owners Ins. Co.*, 835 F.3d at 396.

Allstate has failed to satisfy this burden. Electrolux first challenged the presence of diversity jurisdiction in its brief in support of its motion to dismiss. *See* Mot. Dismiss 1, ECF No. 9; Br. in Supp. of Mot. Dismiss 3, 20, ECF No. 9-1. Allstate acknowledged, but did not address, this in its brief in opposition to Electrolux's motion. Br. in Supp. of Opp'n Mot. Dismiss 3, ECF No. 10-1. Now, in its briefing for the matter before the Court, Electrolux challenges whether punitive damages are available for a subrogee. Br. in Supp. Opp'n Recons. Mot. 4-5, ECF No. 19. Allstate has again failed to respond to these arguments and instead relies on a blanket assertion that claims for punitive damages generally satisfy the amount in controversy requirement. Br. in Supp. Recons. Mot. 13, ECF No. 18-1. However, the right of subrogation— under which Allstate brings suit—is generally only one of indemnification. *Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys.*, 325 F.3d 924, 936 (7th Cir. 2003). For at least three of the states where claims arose, the law of the state prevents subrogees, such as Allstate, from recovering punitive damages. *See, e.g.*, *Prudential Prop. & Ca. Co. v. Dow Chevrolet-Olds, Inc.*, 10 S.W.3d 97 (Tex. App. 1999) (holding that an insurer, as subrogee, was not entitled to receive punitive damages); *Colonial Penn Ins. Co. v. Ford*, 172 N.J. Super. 242, 244, 411 A.2d 736, 737 (Super.

Ct. 1979) (same); *Md. Cas. Co. v. Brown*, 321 F. Supp. 309, 312 (N.D. Ga. 1971) (same). Allstate's blanket assertion does not satisfy its burden, as explained by the Supreme Court in *Gibbs. v. Buck.*, to prove that subject matter diversity exists

The Court has reconsidered whether the amount in controversy for these claims is satisfied by Allstate's general claim for punitive damages. But, without more from Allstate satisfying its burden of proving that subject matter diversity exists, it is not clear that the Court's decision to dismiss these claims for lack of subject matter jurisdiction was in error. Therefore, Allstate's request for the Court's reconsideration of its dismissal of these sixty-four claims is denied without prejudice. The Court grants Allstate the right to renew its motion for reconsideration as to the Court's dismissal of the sixty-four claims that did not seek compensatory damages in excess of the amount in controversy requirement.

Any renewed motion to reconsider shall include whether the particular state substantive law under which the claims arise allows for punitive damages for the claims asserted in the Complaint and for a subrogee to recover punitive damages to the same extent as its subrogor. Further, to the extent that there are caps on recovery, the renewed motion will include how the capped punitive damages plus the previously alleged compensatory damages satisfy the amount in controversy required for diversity actions.

## B. Motion to Join and Consolidate

In the alternative, Allstate requests the Court join or consolidate in a single action the three claims Allstate has against Electrolux that took place within the Eastern District of Pennsylvania.

Here, the benefits from consolidation are obvious. The cases share common issues of fact and law. Each case involves ball-hitch style dryers manufactured by Electrolux. Each case involves underlying insured persons and accidents implicating Pennsylvania products liability and negligence law. Further, the cases involve the same parties and counsel. Therefore, Allstate's motion to consolidate these cases is granted.

### IV.     Conclusion

For the reasons set forth above, the Court denies Allstate's motion for reconsideration. Allstate's first and second arguments are denied with prejudice because Allstate simply changed theories or advanced the same arguments previously made and rejected by the Court. Allstate's third argument, that the Court should reconsider its dismissal of the sixty-four claims that did not seek compensatory damages in excess of the amount in controversy requirement for diversity jurisdiction is denied without prejudice because Allstate failed to satisfy its burden of proving that subject matter diversity exists. The Court grants Allstate's motion to join and consolidate the three cases pending in the Eastern District of Pennsylvania because of the common issues of fact and law. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge